IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:22-CR-00120-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO IVER CHAVEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's motion in limine [DE 43]. The United States responded to the motion. DE 53. At the pretrial conference in this matter, the court heard argument on the motion. The court then denied the motion from the bench. This order memorializes that ruling, and incorporates by reference its oral findings of fact and conclusions of law.

Defendant is charged in an Indictment with conspiring with others (known and unknown) to distribute methamphetamine from approximately January 2020 until September 2022, and distributing methamphetamine on September 14, 2021. DE 14 at 1-2. On September 14, 2021, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") arranged a controlled purchase of methamphetamine from a Rojelino Marical, aka "Chimino."[1] Chimino said he would send a courier with the methamphetamine to Wilmington.

Later that morning, the ATF agents received a text message from a Juan Alonso, who told them to meet him at a hotel in Wilmington, North Carolina. After the agents parked at the hotel

---

[1] These facts are derived from the parties' briefs and uncontested except where noted.

and established surveillance, they observed Alonso and Defendant arrive in a pickup truck. Alonso and Defendant then allegedly consummated the transaction with the ATF agents, who used audio-video recording equipment to capture the transaction.

On May 25, 2022, Juan Alonso was indicted in a separate criminal case. He was arrested on September 14, 2022. In an interview that occurred just after his arrest, Alonso identified Defendant to law enforcement as the other participant during the September 14, 2021 controlled purchase. Alonso said he worked in construction with Defendant, and that Defendant was the one who introduced him to Chimino. Alonso also told officers that the Defendant was engaged in other drug trafficking activity, and had suppliers other than Chimino.

The United States filed a criminal complaint against Defendant on September 14, 2022. DE 1. Defendant was arrested at his home in Rowan County, a three-hour drive from Wilmington, on September 23, 2022. A search of Defendant's residence after his arrest uncovered several grams of methamphetamine, a scale, glassine bags with a crystalline residue, and several firearms and ammunition. Defendant now seeks an order excluding all the "bad acts evidence seized during [the] home search on September 23, 2022."

As explained at the hearing, the court begins with the general rule that relevant evidence, that which "has any tendency to make a fact [of consequence] more or less probable," is admissible unless the United States Constitution, a federal statute, or the Federal Rules of Evidence provide otherwise. Fed. R. Evid. 401 & 402. "Against these general principles, Federal Rule of Evidence 404(b) recognizes the potentially probative value of evidence about prior 'crimes, wrongs, or acts.'" *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). Rule 404(b) provides that evidence of other crimes or acts "is generally admissible," *id.*, except when it is offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance

2

with the character," Fed. R. Evid. 404(b)(1). Rule 404(b), by its nature, "applies only to limits on the admission of other acts *extrinsic* to the one charged," not "acts *intrinsic* to the alleged crime." *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996) (emphasis added). Evidence is intrinsic when it arises "out of the same transaction or series of transactions as the charged offense," *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989), meaning that the act or acts are "inextricably intertwined" with the crime charged "or . . . part of a single criminal episode," *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993). *See also United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (adopting reasoning of *Towne*); *Chin*, 83 F.3d at 88 (citing with approval *Lambert*).

Against that backdrop, and as explained from the bench, the court finds that the methamphetamine, scale, glassine bags, and firearms recovered at Defendant's residence in September 2022 are intrinsically relevant to Count One of the Indictment, which charges Defendant with conspiring to distribute methamphetamine from approximately January 2020 until September 2022. In addition to drugs and associated paraphernalia, "evidence of firearms is relevant in narcotics conspiracy cases." *United States v. Ricks*, 882 F.2d 885, 892 (4th Cir. 1989); *United States v. Collazo*, 732 F.2d 1200, 1206 (4th Cir. 1984) ("The admission of handguns into evidence in drug cases has been consistently upheld as relevant to the issues raised by such cases."). "Guns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." *United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999). Defendant's apparent possession of various tools of the narcotics trade is particularly relevant to his knowledge and intent. *See, e.g., United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997) ("A not-guilty plea puts one's intent at issue"); *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991) ("a defendant's knowledge and intent are clearly elements which the prosecution must establish to

3

prove a conspiracy to violate 21 U.S.C. § 841(a)(1)"). In other words, evidence of Defendant's participation in drug trafficking activities is probative of "his knowledge of the drug trade and suggest[s] that he was an intentional, rather than unwitting, participant in the conspiracy." *Sanchez*, 118 F.3d at 195. The court thus finds that this intrinsically relevant evidence does not implicate Rule 404(b). *Chin*, 83 F.3d at 88; *Kennedy*, 32 F.3d at 885.

At the hearing, counsel for Defendant argued that the methamphetamine was inadmissible other crimes evidence because the Government could not link that methamphetamine to Chimino. But Count One of the Indictment alleges that Defendant conspir[ed] "with other persons, known and unknown to the Grand Jury." DE 14 at 1. Defendant is not charged with conspiring with Chimino (and no one else), so no nexus is required to render the methamphetamine instrinsically relevant to Defendant's conspiracy charge. Defendant's motion in limine [DE 43] is DENIED.

SO ORDERED this 13th day of June, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE